**No. 10-2023**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**W.A.K. II,** ***by his next friend*** **PAGE KARO,**
***Plaintiff/Appellant,***

***v.***

**WACHOVIA BANK, N.A.,**
***Defendant/Appellee.***

---

**On Appeal from the United States District Court**
**for the Eastern District of Virginia**
**Richmond Division**

---

# PLAINTIFF-APPELLANT'S RESPONSE TO DEFENDANT-APPELLEE'S MOTION TO DISMISS APPEAL AS NOT WITHIN THE JURISDICTION OF THE COURT

---

**Joseph E. Blackburn, Jr.**
**BLACKBURN, CONTE, SCHILLING**
**& CLICK, P.C.**
**300 West Main Street**
**Richmond, Virginia 23220**
***Counsel for Plaintiff-Appellant***

**Bowlman T. Bowles, Jr.**
**Churchill G. Bowles**
**BOWLES AFFILIATES, P.C.**
**404 West Franklin Street**
**Richmond, Virginia 23220**
***Counsel for Plaintiff-Appellant***

## I. PRELIMINARY STATEMENT

Appellant WAK respectfully replies to Wachovia's motion for dismissal of this appeal claiming the Circuit Court lacks subject matter jurisdiction. Wachovia says this Court lacks jurisdiction because WAK lost standing by an intervening event during the proceedings, his grandfather's death on May 17, 2010. It contends death terminated the Trust, causing the trust remainder to pass to WAK's father, Drew. Thereafter, WAK had no interest in the trust, and lost standing in the outcome of the case.

The question this Court must consider is not the validity of Drew's disclaimer, but whether the death of the life tenant, Toney, discontinued any continuing justiciable economic interest of WAK in the trust.

Whether Drew's disclaimer is valid or invalid, the effect is the same: Virginia law caused the trust to pass around Drew to or in trust for WAK. Under the Virginia Disclaimer Act, a disclaimer is either valid or invalid. If valid, the disclaimed interest passes around the disclaimant to the next taker. If invalid, the Act provides for the disclaimed interest to pass around the disclaimant as a transfer to the next taker. See Va. Code § 64.1-196.12(F). Either way, valid disclaimer or not, WAK receives trust assets and has a continuing justiciable interest in the trust. Wachovia's motion to dismiss should be denied.

## II. STATEMENT OF FACTS

WAK references Wachovia's "Background and Procedural History" and makes the following corrections and additions:

### A. Corrections:

1. Drew benefited only from trust discretionary distributions and received nothing from his disclaimed remainder interest. The right to receive discretionary distributions and a remainder interest are separate and distinct trust interests.

2. Drew's 2008 declaratory judgment request was to seek a ruling on the validity of his father's disclaimer. Had Drew prevailed, the trust would have terminated with Drew owning the assets. He did not prevail. The court ruled the disclaimer of Toney invalid. Therefore, there was nothing for Drew to "accept."

### B. Additions:

1. The 2009 Karo trust modification to provide principal for Toney was occasioned by Wachovia's corporate financial failure and cessation of dividends. It also followed Wachovia Trust personnel suggestions of how to find funds to pay for Toney's increasing nursing home support.

2. Wachovia's Brief exhibits unnecessary, irrelevant and prejudicial facts in an attempt to posture the Karo family as grasping, profligate and

dysfunctional. This Court should be mindful that Wachovia's failures enabled this family's personal and financial problems. The central player in this saga is a 12 year old minor who knew nothing of these circumstances, and had no control over developments. Wachovia Bank, in its corporate and professional trustee capacities (as the adult in control), massively failed this family. It is blatant disrespect for Wachovia to attempt a transfer of its highly visible public image failure by mischaracterizing this family as it has done here.

## III. ISSUE PRESENTED

The issue presented is not the validity of Drew's disclaimer, but whether the death of the life tenant, Toney, terminated any continuing justiciable economic interest of WAK in the trust.

## IV. ARGUMENT

### A. DREW'S VALID DISCLAIMER PASSES ASSETS TO WAK

The Uniform Disclaimer of Property Interest Act is at Va. Code § 64.1-196.1-.15. A disclaimer is a way to decline to accept a gift, bequest or other transfer, and the effect is to cause the property to pass to the next beneficiary. The Act governs who may disclaim, how to make a qualified disclaimer, and a disclaimer's effect. Disclaimers are used to minimize tax and creditor issues, correct planning errors, and provide planning flexibility. Because of the paucity of state cases on disclaimers,

federal tax law helps to interpret the Act. There are several federal tax cases and IRS private letter rulings (PLRs), and they are the best source of guidance and explanation in this difficult area. Wachovia agrees with this in footnote 5 on page 14 of its Brief.

An effective disclaimer must be: in writing; declared as such; describe the interest disclaimed; be signed by the disclaimant; and, be delivered or filed as required in the Act. A trust interest may be disclaimed even if the trust contains a spendthrift provision Va. Code § 64.1-196.4(A). A disclaimant is barred from accepting the interest prior to disclaiming it, and the assets must pass without direction by the disclaimant. However, a disclaimer may be made of any separate or partial interest in a trust. See Act at Va. Code §§ 64.1-196.4(A), (E) and .12.

On May 17, 2010, Toney's life interest terminated with his death and the trust terms would have passed the trust remainder to Rosalie's only child, Drew, but because Drew disclaimed the trust remainder on January 20, 2009, he is deemed to have predeceased Toney and the remainder passed in further trust for Drew's only child, WAK. A disclaimant is deemed to have predeceased a terminating event. See *Abbott v. Willey*, 253 Va. 88, 479 S.E.2d 528 (1997) where a widow's creditors challenged the disclaimer of her deceased husband's life insurance proceeds. The court upheld the disclaimer because its provisions provided that the widow was

deemed to have predeceased her husband. Since Ms. Willey predeceased her husband, her creditors could not reach the disclaimed insurance proceeds which then passed to her children. *Abbott v. Willey* was decided under prior law, but the effect is the same under the UDPIA provivisions.

As discussed above, answers to difficult disclaimer interpretations are found in few state cases, so practitioners find the greatest analytical help from federal tax cases and PLRs. The IRS has a large stake in taxpayers attempts to minimize gift and estate taxes with disclaimers, so disclaimer tax analysis is given great credibility. In analyzing a disclaimer issue under federal tax or PLR interpretations, referenced state disclaimer statutes should be comparable to Virginia's UDPIA for binding effect.

Wachovia argues Drew's acceptance of discretionary distributions bars his disclaimer. This simply is not the law. Drew Karo disclaimed his remainder interest and retained his right to discretionary principal distributions. The Act at Va. Code § 64.1-196.4(A), *Jewett v. Commissioner*, 455 U.S. 305 (1982) and PLRs 200516004 (2005) and 200953010 (2009) (Exhibits 1 and 2) authorize disclaimer of separate trust interests.

Drew had the right under the UDPIA to retain a discretionary principal distribution interest and disclaim his remainder interest. See the 2005 and 2009

PLRs. Also, see *Burns, Disclaiming Assets, Interests and Powers,* 2010 Institute on Estate Planning at §§ 201.3(C) and 201.5(A) (Exhibit 3) confirming that a disclaimer may be made of an undivided portion of any separate interest in property, even if the disclaimant has another interest in the same property.

In the 2005 PLR, the IRS authorized a disclaimer analogous to Drew's trust disclaimer when the trust beneficiary retained a discretionary distribution right while simultaneously disclaiming the trust remainder. The same issue was also considered in the 2009 PLR, and the IRS again authorized a remainder interest disclaimer allowing the taxpayer to retain the right to receive discretionary trust distributions. Drew received trust discretionary benefits before and after his disclaimer. The PLRs authorize disclaimer of separate trust interests. Separate discretionary trust principal and remainder interests are recognized for disclaimer purposes at UDPIA § 64.1-196.4(A) and (E). Wachovia's assertion that Drew's retention of principal distribution rights barred disclaimer of his remainder is incorrect.

Drew received trust benefits prior to his disclaimer and afterwards. As in both PLRs, the UPDIA permits a person to disclaim "in whole or in part, any interests in or power over property." UDPIA § 64.1-196.4(A). Consistent with the right to disclaim "any interest" the UDPIA's bars a disclaimer if the disclaimant "accepts the interest <u>sought</u> <u>to</u> <u>be</u> <u>disclaimed</u>." (emphasis added). UDPDIA § 64.1-196.12(b)(i).

When considered together, these provisions clearly indicate that different interests can be separately disclaimed and accepted.

The 2005 and 2009 PLRs, and the UDPIA permit retention of a distribution right while authorizing the disclaimer of a remainder interest. These interests are separate and a retention of one does not cause disclaimer of the other to be invalid. Act § 64.1-196.12(B)(i) and (ii). Thus, Drew's receipt of principal distributions from the separate trust discretionary interest was not a receipt of a portion of the remainder. *See, Burns "Disclaiming Assets, Interests and Powers"* at § 201.3(c), *Id.*

Wachovia also argues that Drew encumbered his interest in the trust. This argument totally contradicts what Wachovia has previously admitted. In Request for Admissions 13, Wachovia admitted that Drew "has not ever pledged, assigned or otherwise used his contingent trust remainder interest in the trust (prior to his disclaimer) in connection with any loan or other credit arraignment (sic) with Wachovia." See Exhibit 4, Admission 13. Wachovia now contradicts this admission on page 14.

Wachovia also argues Drew's filing a Declaratory Judgment action to declare his father's disclaimer valid somehow amounts to Drew accepting his contingent remainder interest. This would be true had the Court found the disclaimer valid, but the Circuit Court of Richmond declared Toney's disclaimer invalid. Thus, Drew was

never able to "accept" the remainder interest. Wachovia says these were personal acts by Drew and somehow amounted to acceptance or control of the trust remainder. The Richmond Circuit Court found otherwise when it declared Toney's disclaimer invalid for all purposes. Exhibit 5. An attempt is not consummation, and the Richmond Court confirmed this.

The *Kolb* case cited by Wachovia is inapplicable. *Kolb* found that listing a remainder interest on a financial statement facilitated a beneficiary loan. Drew listed nothing regarding his trust interest on any LORs or financial statement. Exhibit 4, Admission 13, by Wachovia admits Drew did not encumber or pledge his remainder interest prior to his disclaimer, consequently Wachovia cannot now claim Drew's LOR was an encumberance. An indemnification is not an encumbrance or act of control, particularly when the remainder interest was not mentioned in the LOR indemnification.

Wachovia next argues that a disclaimer is a transfer and was therefore barred by the trust's spendthrift provision. Wachovia overlooks the Virginia Disclaimer Act at § 64.1-196.4(A) which specifically provides that a beneficiary may disclaim an interest in a trust containing a spendthrift provision. The transfer Wachovia contemplates under Va. Code § 55-541.02 covers transfers, not a disclaimer which is

a negative action, or, refusal to accept. The Disclaimer Act at § 64.1-196.4(G) also provides that a disclaimer is not a transfer, assignment or release.

For the foregoing reasons, Drew's January 20, 2009 disclaimer is valid, and upon Toney's death the trust passed by disclaimer around Drew to WAK who continues to have an interest in the trust and this appellate litigation. His standing continues. Acceptance by Drew of trust discretionary benefits were separate from the trust's remainder interest. None of Drew's purported loans or other actions to assist his father were benefits obtained from his remainder interest. Drew's acceptance of discretionary benefits from the trust's separate discretionary distribution interest did not invalidate his disclaimer.

## B. INVALID DISCLAIMER TRANSFERS ASSETS TO WAK

Wachovia correctly summarizes disclaimer basics in its Brief pages 10 and 11. Because it then postures this inquiry entirely on the validity of Drews disclaimer, it overlooks a very important and necessary inquiry into result of an invalid disclaimer. See Va. Code § 64.1-196.12(F) which says that if an attempted disclaimer is invalid, it nevertheless "takes effect as a transfer" of the interest sought to be disclaimed. Thus, even if Drew's disclaimer was invalid, it transfers the trust around Drew to WAK. Wachovia mistakenly assumes the Disclaimer Act prohibits disclaimers in

trusts with spendthrift provisions. Disclaimers are permitted. See Va. Code § 64.1-196.4(A).

Wachovia's Brief asserts Drew's invalid disclaimer is a transfer prohibited by the trust's spendthrift provision. Thus, the transfer is a nullity. This overlooks the Disclaimer Act at § 64.1-196.4(A) which authorizes disclaimers in trusts containing spendthrift provisions. The Bank reads Va. Code § 64.1-196.12(F) to characterize a barred disclaimer as a transfer. This section provides to the contrary. It states: "A disclaimer . . . which is barred . . . takes effect as a transfer of the interest disclaimed . . ." The sentence describes the effect of a barred disclaimer, but it does not characterize a disclaimer as a transfer. Thus, Drew's barred disclaimer is defined and operates as a "disclaimer: which effects a transfer of the disclaimed assets around Drew to WAK upon Toney Karo's death. WAK's standing in this matter continues.

## C. IF WAK IS WITHOUT STANDING, COURT MUST VACATE JUDGMENT AND REMAND FOR DISMISSAL

If this Court finds that WAK has no standing in this appeal, the final judgment of the District Court must be vacated and the case remanded to the District Court with directions to dismiss as moot.

Wachovia argues the trust terminated and WAK lost his justiciable interest therein on May 17, 2010, the day Toney died. Therefore, May 17, 2010 is when this case became moot. The District Court entered its summary judgment order on

May 12, 2010 which Wachovia has previously acknowledged was not a final order. The District Court later entered orders awarding third-party judgment against Drew and attorney's fee and costs as a final Order on August 5 and 25, 2010. Therefore, the case was moot before entry of a final judgment.

When a case becomes moot before rendering a final judgment by a District Court, "vacatur and dismissal is automatic." *Golden v. Bartholow,* 166 F.3d 710, (5th Cir. 1999) (citing *Iron Honor Society v. Heckler*, 464 U.S. 67, 104 S.ct. 373, 376 (1983). A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents. *Id.*

Therefore, this court must vacate all of the District Court's prior judgments and remand with directions to dismiss if it finds that the trust was terminated on May 17, 2010, two months before the entry of final judgment in this matter.

However, if the Court does not find the trust terminated, this Court retains jurisdiction and can properly consider this matter in this appeal.

## CONCLUSION

For the reasons stated herein, WAK requests this Court to dismiss Wachovia's Motion to Dismiss this appeal. IF, however, the Court finds WAK's lack of standing occurred on May 17, 2010, the date of Toney Karo's death, it should declare this case

moot, vacate the District Court's prior judgments, and remand the case to the District Court for dismissal.

Respectfully submitted,

By: /s/
Counsel

Joseph E. Blackburn, Jr., Esquire
Virginia State Bar #13744
*Counsel for Plaintiff*
Blackburn, Conte, Schilling & Click, P.C.
300 West Main Street
Richmond, VA 23220
Telephone (804) 782-1111
Facsimile (804) 648-3914
E-mail: joeblackburn@bcscpc.com

Bowlman T. Bowles, Jr., Esquire (VSB #05268)
Churchill G. Bowles, Esquire (VSB #42619)
*Counsel for Plaintiff*
Bowles Affiliates, PC
P. O. Box 12085
404 W. Franklin Street
P. O. Box 12085
Richmond, VA 23241-0085
Telephone (804) 780-0236
Facsimile (804) 780-9134

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**No. 10-2023** **Caption: WAK v. Wachovia Bank, N.A.**

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 15, 2010, a true and correct copy of the foregoing Response to Defendant-Appellee's Motion to Dismiss Appeal was electronically filed with the Clerk of Court using the CM/ECF system and a copy was hand delivered to the following counsel of record:

D. Alan Rudlin, Esquire (VSB# 17010)
William P. Childress, Esquire (VSB# 72823)
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
*Counsel for Defendants*

I further certify that a copy of the foregoing was sent by first-class mail to:

Paul McCourt Curley, Esquire, (VSB# 43974)
Canfield Baer, LLP
2201 Libbie Avenue, Suite 200
Richmond, Virginia 23230
*Counsel for Third-Party Defendant*

/s/
Joseph E. Blackburn, Jr., Esquire
Counsel for Plaintiff
Dated: November 15, 2010